**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| NORRY DENNISE OTERO BAEZ<br><br>Plaintiff<br><br>v.<br><br>SOUTH CARIBBEAN FINANCIAL SERVICES, CORP.<br><br>Defendant | Civil No. 22-cv-01416<br><br><br>Re: Violations of the Fair Debt Collection Practices Act. |

**CLASS ACTION COMPLAINT**

**COMES NOW,** Plaintiff, **Norry Dennise Otero Baez**, on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated through the undersigned counsel, and before this Honorable Court respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I.   INTRODUCTION

1. This action seeks redress for the unlawful and deceptive collection practices engaged by the Defendant in connection with their efforts to collect on a consumer debt against Plaintiff and others similarly situated (coupled, "Plaintiffs"). Plaintiff alleges that Defendant violated the Fair Debt Collection Practice Act ("FDCPA") by engaging in unlawful and deceptive collection practices. Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

### II.   JURISDICTION AND VENUE

2. Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

3. Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

### III. THE PARTIES

4. Plaintiff, **Norry Dennise Otero Baez**, is a natural person and a citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of Cidra, Puerto Rico. Plaintiff is a "consumer" as such term is defined by the FDCPA.

5. Defendant, **South Caribbean Financial Services, Corp.** (hereinafter referred as "**SCFS**" or "**Defendant**") is a Professional Corporation registered to do business in the Commonwealth of Puerto Rico. SCFS is also domiciled in Ponce, Puerto Rico with a designated office address of 2003 Plaza San Cristobal Office Park Ste. 202, Coto Laurel, PR, 00780. SCFS is also a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts. On behalf of clients, SCFS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. SCFS is a debt collector as such term is defined in 15 U.S.C. §1692a(6).

6. Within the past year SCFS attempted to collect a consumer debt from Plaintiff.

7. Defendants, **INSURANCE COMPANIES ABC** (hereinafter, "INSURANCE COMPANIES ABC"), are the insurance companies of the SCFS in this Complaint who are liable for the acts against the Plaintiff and are therefore responsible for the damages and acts alleged in this Complaint.

8. Defendants, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the acts and omissions against the Plaintiff and/or who are successors of SCFS, all responsible for the damages suffered by the Plaintiff.

## IV.   THE FACTS

9. Plaintiff re-alleges each and every previous allegation as if fully established herein.

10. The Plaintiff is a natural person.

11. Allegedly, Plaintiff entered into a consumer transaction with Sistema de Salud Menonita (hereinafter referred as the "Consumer Debt").

12. The Plaintiff, as a natural person and allegedly obligated to pay a debt, is a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

13. The Consumer Debt, based on a medical debt, was used for Plaintiff's personal, household, or family purposes; meaning, that the alleged debt was incurred for the benefit of Plaintiff as well as his family and his household.

14. The Consumer Debt is a "debt" as such term is defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

15. Sometime on/or before March 17, 2022, Sistema de Salud Menonita (herein after referred as "Menonita") retained SCFS to commence collection efforts on the Consumer Debt.

16. The FDCPA defines the term "debt collector" to include, amongst others: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another".  *See*, 15 U.S.C. §1692a(6).

17. SCFS is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts.

3

18. As of August 30, 2022 SCFS' website, at https://www.southcaribbeanfinancialservices.com, confirms and declares that SCFS is a collection agency.

19. On behalf of clients, SCFS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. On March 17, 2022, Defendant, by and through Mrs. Sylvia Gonzalez, contacted Plaintiff via a telephone call to collect on the alleged Consumer Debt.

21. Defendant failed to identify itself as a debt collector and/or provide Plaintiff with the "mini-Miranda" disclosure required by Section 1692e(11).

22. On March 17, 2022, at approximately 5:34 in the afternoon, Defendant – once again through Mrs. Sylvia Gonzalez, contacted Plaintiff via text message utilizing the 'Whatsapp' platform.

23. On the same date, March 17, 2022 at approximately 5:34 PM, SCFS proceeded to send Plaintiff a message through the electronic platform of "Whatsapp" which included an invoice letter ("Demand Letter").  *See*, **Exhibit A**.

24. The Demand Letter was utilized to convey information regarding the Consumer Debt.

25. The Demand Letter is a "communication" as such term is defined in 15 U.S.C. §1692a(2).

26. The Demand Letter was sent to Plaintiff by Defendant on behalf of an alleged creditor/client of Defendant. *See*, **Exhibit A.**

27. The Demand Letter failed to comply with the "Mini-Miranda" disclosures required by Section 1692e, nor with the mandatory "Initial Communication" disclosures of Section 1692g.

28. In addition, the Demand Letter incorporates false, deceptive and misleading representations.

29. Specifically, the Demand Letter falsely claims that Plaintiff still has an outstanding balance due and owed to Menonita when in fact, since October 6, 2021 Plaintiff had paid any and all outstanding amounts to Menonita.

30. As of March 17, 2022 Plaintiff did not owe $75.00 to Menonita nor to any other affiliate and/or associate of Menonita.

31. On March 29, 2022 Defendant – again – placed a phone call to Plaintiff in order to collect on the alleged Consumer Debt.

32. On March 29, 2022, at approximately 12:50 PM, Defendant yet again contacted Plaintiff via text message – through the electronic platform of Whatsapp – in a continued harassment related to the Consumer Debt, which again was neither owed nor payable to Defendant and/or Menonita.

33. Defendant attempted to collect the Consumer Debt using false, deceptive, and unconscionable means.

34. As a result of Defendant's false, deceptive, and unconscionable collection practices Plaintiff was confused and had to spend time and money to visit counsel to obtain legal advice as to the validity of the debt.

35. The time and money spent by Plaintiff addressing Defendant's violation of the FDCPA is precisely the statutory risk the FDCPA was intended to avoid.

### V.    COUNT I – VIOLATION OF 15 U.S.C. §1692e

36. Plaintiff re-alleges each and every previous allegation as if fully established herein.

37. Plaintiff brings Count I on his own behalf and on behalf of others similarly situated

38. Section *1692e,* in its pertinent part, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of—
>    (A) **the character, amount, or legal status of any debt**…
> (3) ..…………………………………………………………;
> (4) ………………………………………...……………………;
> (5) …………………………………………………………….;
> (6) …………………………………………………………….;
> (7) …………………………………………………………...;
> (8) ……………………………………………………………..;
> (9) …………………………………………………………...;
> (10) The **use of any false representation** or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> (11) The **failure to disclose** in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication**, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose**, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action

*See,* 15 U.S.C. § 1692e(2), (10) and (11).

39.    "The FDCPA is 'a strict liability statue' and, thus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional." *See*, Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437-38(2d Cir. 2018) (citing Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017)). "The strict liability standard applies to § 1692e claims." *See*, Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009).

40. Therefore, a "[d]ebt collectors may not make false claims, period." *See*, Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); *see also*, Valle v. Westhill Exch., LLC, GJH-19-2304 (D. Md. Mar. 24, 2021) ("[A] debt collector may violate §1692e even if it unintentionally makes a false statement."); Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("[U]nder §1692e ignorance is no excuse."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

41. Defendant's representation in the Demand Letter that Plaintiff owed $75.00 to Menonita was a false representation of the character, amount, or legal status of a debt in violation of *15 U.S.C. §1692e (2)(A)*.

42. Specifically, the Demand Letter falsely represented that Plaintiff had a balance due of $75.00 with Menonita when in fact (a) no such amount was due; and (b) the alleged Consumer Debt was neither due or owing.

43. In fact, the Consumer Debt was paid directly to Menonita on/or about October 6, 2022.

44. Section 1692e(10) of the FDCPA also prohibits the "use [of] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". *See*, 15 U.S.C. §§ 1692e(10).

45. Defendant's Demand Letter incorporates false representation and deceptive means by falsely advising Plaintiff that the Consumer Debt allegedly owed, already included a discount/credit for the amounts paid for by Plaintiff. *See*, **Exhibit A**.

46. In fact, the amounts which were being claimed in the Demand Letter did not include a credit for the amounts Plaintiff had already paid.

47. The Demand Letter attempted to deceived Plaintiff into the incorrect and false believe that she still had an amount due and outstanding when in fact no such amount was owed or due.

48. Defendant's false, misleading, and deceptive representations in the Demand Letter violated 15 U.S.C. § 1692(10).

49. Defendant violated Section 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Consumer Debt and/or to obtain, or attempt to obtain information regarding the Plaintiff.

50. Section 1692e(11), in turn, incorporate two separate and distinct mandates upon debt collectors. First, in the "*initial communication*" the debt collector must disclose that: (a) the communicating party is a "debt collector," and (b) the communicating party "is attempting to collect a debt and that any information will be used for that purpose". *See*, 15 U.S.C. § 1692e(11), *supra*. Second, in any "*subsequent communications*" the debt collector must disclose that the "communication is from a debt collector". Id.

51. The FDCPA mandates strict compliance with its disclosure requirements of 1692e(11). *See*, Masciarelli v. Boudreau & Associates, 529 F.Supp.2d 183 (D. Mass. 2007) ("a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communication...").

52. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff, clearly and effectively, that it was a "debt collector."

53. The March 17, 2022 phone call made by Mrs. Sylvia Gonzalez to Plaintiff was the "Initial Communication" as such term is defined by the FDCPA.

54. The "Initial Communication" failed to, clearly and effectively, disclose to Plaintiff that Defendant as "debt collector" and/or that the debt collector "was attempting to collect a debt."

55. Defendant's failure to clearly and effectively convey, without confusion or contractions, its identity as a "debt collector" and/or that it "was attempting to collect a debt" violated Section 1692e(11).

56. A "subsequent communication," as such term is understood under Section 1692e(11), occurred on March 29, 2022.

57. Per Section 1692e(11), Defendant was obligated to disclose to Plaintiff, in such "subsequent communication" that "the communication is from a debt collector …"

58. Neither the March 29, 2022 communication, nor any other subsequent communication from Defendant complied with the disclosure requirements of Section 1692e(11).

59. As a result of Defendant's false and misleading representations Plaintiff believed that she needed to pay the Consumer Debt immediately.

60. But for Plaintiff expenditure in time and money to retain counsel to review the Demand Letter, the Initial Communication, and the Subsequent Communication, Plaintiff would have paid monies not owed by her.

61. As a result of Defendant's conduct Plaintiff suffered tangible and intangible injuries.

62. Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and physical damages and injuries. Economic damages include, but are not limited to, Plaintiffs retained counsel, and paid for the costs and fees associated thereto, to review the Demand Letter. Physical damages include, but are not limited to, physical tension, headaches, and upset stomach, all directly and proximately caused by Defendant's actions.

63. Amongst Plaintiff's intangible injuries, Plaintiff suffered emotional damages and injuries. Emotional damages include, but are not limited to, extreme anxiety, severe emotional distress, and the mental anguish which has resulted from Defendant's deliberate disruption of Plaintiff's financial rehabilitation efforts.

64. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

65. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## VI. COUNT II – VIOLATION OF 15 U.S.C. §1692g

66. Plaintiff re-alleges each previous allegation as if fully established herein.

67. Plaintiff brings Count II on her own behalf and on behalf of others similarly situated.

68. Section 1692g expressly requires all debt collectors to communicate certain information to every consumer. Pursuant to *15 U.S.C §1692g(a)* the Defendant must provide Plaintiff, amongst others, with the following information:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (2) The name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

10

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, **is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification** or judgment will be mailed to the consumers by the debt collector;

*See*, 15 U.S.C §1692g(a) (Emphasis added).

69. This Section 1692g(a) language, "commonly referred to as a 'validation notice,' gives the consumer the information necessary to challenge the debt allegedly owed before making payment." *See*, Russell v. Equifax A.R.S., 74 F.3d 30, 32-33 (2d Cir. 1996).

70. It is settled that the "[Seventh] and other circuits have long interpreted *§1692g* to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors." *See*, Steffek v. Client Servs., Inc. 948 F.3d 761 (7th Cir. 2020).

71. Accordingly, "[i]t is not enough for a debt collection agency simply to include the property debt validation notice in a mailing to a consumer [rather] Congress intended that such notice be clearly conveyed." *See*, Graziano v. Harrison, 950 F.2d 107, 111 (3rd Cir. 1991).

72. The March 17, 2022 debt collection phone call placed by Mrs. Sylvia Gonzalez to Plaintiff was the 'initial communication' as such terms is defined under the FDCPA.

73. Pursuant to the mandates of 1692g(a) of the FDCPA, Defendant's was obligated to send Plaintiff "**within five days after the initial communication … a written notice containing**" the disclosure mandated by Section 1692g.

74. The information required by Section 1692g needed to be conveyed in a manner which was neither confusing nor contradictory. *See*, Bryan v. Credit Control, L.L.C., 954 F.3d 576 (2d Cir. 2020)("Even if debt collector conveys the required information, the collector nonetheless violates Section 1692g if it conveys that information in a confusing or contradictory fashion as to cloud the required message with uncertainty.").

75. Five days after the March 17, 2022 Initial Communication came and passed, and Defendant failed to even attempt, much less comply with, the mandatory requirements of Section 1692g.

76. First, Defendant failed to comply with Section 1692g(a)(2) because it failed to identify the alleged creditor Menonita specifically as the "Creditor" as is required by Section 1692g(a)(2).

77. Second, Defendant failed to comply with Section 1692g(a)(3) because it failed to advised Plaintiff that she had 30-days to dispute the debt.

78. Third, Defendant failed to comply with Section 1692g(a)(4) because it failed to advised Plaintiff that if she disputed the debt in writing, Defendant was obligated to obtain verification of the debt and provide such verification to Plaintiff.

79. Fourth, Defendant failed to comply with Section 1692g(a)(5) because it failed to advised Plaintiff that upon a written request, Defendant was obligated to send Plaintiff the name and address of the original creditor.

80. SCFS' violation of Section 1692g by (a) failing to clearly convey mandatory information pursuant to 1692g(a)(2); (b) failing to clearly convey mandatory information pursuant to 1692g(a)(3); (c) failing to clearly convey mandatory information pursuant to 1692g(a)(4), and (d) failing to clearly convey mandatory information pursuant to 1692g(a)(5), amounts to – as a totality – extreme and outrageous conduct.

81. The result of SCFS's extreme and outrageous conduct, as well as unfair and deceptive actions, lead Plaintiff to mistakenly believe that she could not dispute the debt without the assistance of counsel.

82. The result of SCFS's extreme and outrageous conduct, as well as unfair and deceptive actions, deprived Plaintiff of the knowledge that she could dispute the debt, in order to receive verification documents, at any time withing the 30th day from the day the written Section 1692g disclosure were mailed to Plaintiff.

83. As a result, SCFS's extreme and outrageous conduct, Plaintiff suffered tangible and intangible injuries.

84. Amongst Plaintiff's tangible injuries: (a) Plaintiff suffered severe emotional harm that resulted from Plaintiff's belief that she would be subject to an impending legal action unless she invested in counsel to launch an investigation; (b) Plaintiff suffered economic harm in the cost of time and money invested researching how to avoid the legal and economic consequences of the non-payment which was suggested by the Demand Letter.

85. But for SCFS's failure to provide the validation notices in the Initial Communication, Plaintiff would have known that a debt could be disputed via a simple expression, thus, saving herself the severe emotional distress as well as the economic harm of researching and investigating alternatives.

86. Additionally, Plaintiff suffered intangible injuries. Amongst others, the confusion and contradiction created by the Demand Letter – which was not accompanied by the safe harbor debt validation noticed required by Section 1692g - exposed Plaintiff to the risk of having to pay a debt without having the opportunity to disputes the same; precisely, the type of harm Congress intended to prevent via the FDCPA.

87. As a result of SCFS's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

88. As a result of SCFS's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

### VII. CLASS ALLEGATION

89. Plaintiffs re-allege each previous allegation as if fully established herein.

90. Plaintiffs brings Count I and Count II on behalf of a class of similarly situated persons, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

91. The Class consists of: (a) all natural persons with a Puerto Rico address; (b) who received an Initial Communication From Plaintiff, whether it be by phone, Whatsapp, or via written correspondence, (c) where Defendant failed to comply with the mandatory disclosure requirements of Section 1692e(11); (d) on or after a date one year prior to the filing of this action; and (d) on or before a date 20 days after the filing of this Complaint.

92. The class members are so numerous that joinder is impracticable.

93. On information and belief, there are more than 500 natural persons with a Puerto Rico address in the class defined herein.

94. There are questions of law and fact common to all class members, which predominate over any question that affect only individual class members.

95. The predominant questions are:

   (a) Whether the failure to inform Plaintiffs, in the initial communication, that Defendant is a debt collector and is attempting to collect a debt violates Section 1692e(11) of the FDCPA; and

   (b) The liability of Defendant SCFS for the action of failing to comply with Section 1692e(11) of the FDCPA.

96. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

97. Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

98. A class action is superior to other alternative methods of adjudicating this dispute, in that:

   a. Individual cases are not economically feasible,

   b. Many consumers may not realize their rights are violated, and

   c. Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a judgment in favor of the Plaintiff and the class members, granting Plaintiff and the class members the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**
In San Juan, Puerto Rico this 30th day of August 2022.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com